**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1573**

_____

AJIBOLA KELVIN KIKIOWO,

        Petitioner,

    v.

PAMELA JO BONDI, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: April 29, 2025                       Decided: June 20, 2025

_____

Before WYNN, RICHARDSON, and BENJAMIN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Ajibola Kelvin Kikiowo, Petitioner Pro Se. Brooke Marie Maurer, Robert Dale Tennyson, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ajibola Kelvin Kikiowo, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's decision determining him to have committed a particularly serious crime that renders him ineligible for asylum and withholding of removal and denying the relief of deferral of removal under the Convention Against Torture (CAT).

We have reviewed the record and the agency's conclusion that Kikiowo's conviction for Virgina sexual battery constituted a particularly serious crime and find no abuse of discretion. We therefore uphold the agency's determination. *See Gao v. Holder*, 595 F.3d 549, 555-58 (4th Cir. 2010).

Next, we have considered Kikiowo's challenges to the denial of deferral of removal under the CAT. To be granted that relief, Kikiowo must demonstrate that it is more likely than not that he will be tortured if he returns to Nigeria. *See* 8 C.F.R. § 208.16(c)(2) (2024). Because this Court reviews the denial of relief under the CAT for substantial evidence, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Bar*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). Relevant legal determinations are subject to de novo review. *Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012). Upon review, we find that the record evidence does not compel reversal of the agency's denial of relief.

Accordingly, we deny the petition for review. *In re Kikiowo* (B.I.A. May 24, 2024). We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*